UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re: <br> Delena Youngblood-London <br><br><br><br> Debtor(s) | BK No.: 14-39555 <br><br> Chapter: 13 <br> Honorable Jack B. Schmetterer |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

FINDINGS OF FACT

A. The Parties

1. The Debtor is Delena Youngblood-London.

2. The Creditor is U.S. Bank National Association.

B. Factual Background

1. On or about 10/31/2014, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Debtor owns the real estate commonly known as 10619 s. Eggleston Avenue, Chicago, IL 60628.

3. That U.S. Bank National Association holds a first mortgage lien on the real property commonly known as 10619 s. Eggleston Avenue, Chicago, IL 60628, with a secured claim of $103,644.73 pursuant to the proof of claim number 4-1 filed on 02/04/2015 by U.S. Bank National Association.

4. U.S. Bank National Association holds a second mortgage lien on the real property known as 10619 s. Eggleston Avenue, Chicago, IL 60628 in the approximate amount of $27,647.59 pursuant to proof of claim number 3-1 filed on 02/03/2015 by U.S. Bank National Association.

5. That the Debtor obtained a valuation of the property on 10/28/2014 indicating the value of 10619 s. Eggleston Avenue, Chicago, IL 60628 as $74,000.

6. The first mortgage lien of U.S. Bank National Association is a secured claim based on the mortgage recorded on 07/18/2006 as document number 0619920059 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of U.S. Bank National Association is a claim based on the mortgage recorded on 07/18/2006 as document number 0619920060 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 plan provides that the Debtor will make monthly payments to the Chapter 13 Trustee in the amount of $564.00 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (6 %) of their allowed claims.

10. On 06/08/2015, Debtor issued a motion pursuant to 11 U.S.C. § 506(a) & 11 U.S.C. § 1322(b)(2) and the Bankruptcy Rule 3012 to determine the validity of U.S. Bank National Association's lien on Debtor's property located at 10619 s. Eggleston Avenue, Chicago, IL 60628.

11. That on 06/08/2015, a copy of the motion was served in accordance with the Federal Rules of the Bankruptcy Procedure by regular U.S. mail, postage prepaid upon U.S. Bank National Association.

12. To date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that hold priority that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $74,000.

15. The first secured claim of U.S. Bank National Association in the amount of $103,644.73 exhausts the value and equity in Debtor's residence.

16. There is no value and equity to support the claim of the Creditor.

## CONCLUSIONS OF LAW

A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to U.S.C. § 1409.

B. Argument

1. Is action was initiated under 11 U.S.C. § 506(a) & 11 U.S.C. § 1322(b)(2) and F.R. Bankr. P. 3012.

2. The Debtor scheduled the first secured claim of U.S. Bank National Association in the amount of $103,644.73 and the second secured claim of U.S. Bank National Association in the amount of $27,647.59.

3. U.S. Bank National Association filed a proof of claim on 02/04/2015 for the amount of $103,644.73. Said claim is secured by a first mortgage on the Debtor's property commonly known as 10619 s. Eggleston Avenue, Chicago, IL 60628.

4. U.S. Bank National Association filed a proof of claim on 02/03/2015 for the amount of

$27,647.59. Said claim is second in priority to the first mortgage lien.

5. That the value of Debtor's property is $74,000.

6. As there is no value or equity to support the second priority lien of the Creditor its claim is not a claim secured at all by a security interest in the Debtors' residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F.R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtors, and entry of the discharge. In re Meyer, 2009 B 20268, Docket Entry 69 (Bankkr.N.D.Ill. January 29, 2010).

7. Acct number 6690.

Enter:

United States Bankruptcy Judge

SEP 02 2015

Dated: 9/1/15

**Prepared by:**
Alfredo J. Garcia
Ledford, Wu & Borges, LLC
Attorneys at Law
105 W. Madison, 23rd Floor
Chicago, IL 60602
Phone: (312) 853-0200
Fax: (312) 873-4693

Rev: 20130104_bko